# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**WILBERT L. JOHNSON**                                                                                      **PETITIONER**

**V.**                            **CASE NO. 5:18-CV-290-BSM-BD**

**WENDY KELLEY, Director,**                                                                             **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Either party to this suit may file written objections with the Clerk of Court, but to be considered, objections must be received within 14 days of the filing of this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

In April 2008, a Pulaski County Circuit Court jury found Petitioner Wilbert Johnson guilty of breaking-and-entering, theft of property, and fleeing. As a result, he was sentenced to 15 years' imprisonment. (Docket entry #7-2) Following the jury's verdict, Mr. Johnson entered a guilty plea in a separate case to theft-by-receiving and

fleeing charges. He was sentenced to 25 years' imprisonment on those charges, with that sentence to run concurrently with the other sentence. (#7-3).

Mr. Johnson was paroled on September 22, 2017. (#7-4) After allegedly violating several conditions of his release (#7-5), Arkansas Community Correction held a sanction hearing and determined that Mr. Johnson had violated four conditions of release. (#7-6) Mr. Johnson's appeal of that ruling was rejected (#7-7), and he was directed to spend 180 days in a Supervised Sanction Program ("SSP"). (#7-6, #7-7)

Once in the SSP, Mr. Johnson violated program rules by assaulting a fellow resident – specifically, by choking the resident. (#7-8) As a consequence, a parole-revocation hearing was held on March 19, 2018, and, after hearing evidence, the hearing officer determined that Mr. Johnson had violated the conditions of his parole. (*Id.*) The Parole Board affirmed the revocation of Mr. Johnson's parole (#7-9); and Mr. Johnson did not appeal that decision to the state courts.

Mr. Johnson filed this 28 U.S.C. § 2254 petition for writ of habeas corpus on November 13, 2018. (#2) Reading the petition broadly, he claims that his parole was improperly revoked, relying solely on events that led to his placement in SSP. He is silent as to the assault he committed in the SSP that triggered the revocation of his parole. (#2 at 10-16) At the time he initiated this petition, Mr. Johnson was incarcerated at the Tucker Unit of the ADC. (#2 at 1, #7-10)

Director Kelley has responded to the petition, arguing that the case is now moot given that Mr. Johnson was again paroled on December 12, 2018. (#7, #7-10 at 1-9)

Alternatively, Director Kelley contends that the claim raised in the habeas petition is procedurally defaulted. Mr. Johnson has not replied.[1]

### III. Discussion:

    A.    Mootness

To sustain a challenge to parole revocation, Mr. Johnson must show a "continuing injury" resulting from the alleged wrongful revocation. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). At the time Mr. Johnson filed his petition, incarceration was the injury that sustained his petition. As noted, however, he is no longer incarcerated.

In the parole revocation context, Mr. Johnson is not subject to a continuing injury. *Id.* Under Supreme Court precedent, "continuing injury" in habeas corpus cases is quite narrowly construed. For example, the possibility of detriment at a future parole hearing, of an enhanced sentence at a future hearing, or of impeachment of future testimony are all insufficient to show a continuing injury. Likewise, the inability to pursue damages for wrongful revocation,[2] and even the state's intentional delay of habeas proceedings for the purpose of mooting a petition, are not enough. *Id.* at 14-18.

Here, there is no case or controversy at issue under Article III, § 2, of the Constitution. *Id.* at 14. In the absence of a case or controversy, this Court lacks jurisdiction to address Mr. Johnson's petition. Because Mr. Johnson has already served

---

[1] Upon his parole, Mr. Johnson updated his address with the court as reflected on the docket sheet, and he currently lives in North Little Rock. (#6)

[2] **Error! Main Document Only.**In *Heck v. Humphrey*, the Supreme Court held that a § 1983 claim that necessarily implies the invalidity of a conviction or sentence cannot be brought until the conviction or sentence is invalidated. 512 U.S. 477, 487 (1994).

the incarceration period triggered by the revocation of his parole and has since been released, his challenge to that sentence is moot. In short, there is no relief this Court could grant, even if it found a lack of due process in the revocation proceeding.

    B.    Procedural Default

Even if Mr. Johnson's habeas petition were not moot, his claim is procedurally defaulted. Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see also 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts).

To contest the revocation of his parole, Mr. Johnson was obligated, under the Arkansas Administrative Procedures Act ("APA"), to appeal the Parole Board's decision to the circuit court within 30 days after service of the Parole Board's final decision. ARK. CODE ANN. § 25-15-212(b)(1) and (2); *Clinton v. Bonds*, 306 Ark. 554, 559 (1991) (rejecting as unconstitional the portion of the statute that deprived inmates of judicial review). The Parole Board affirmed the revocation of Mr. Johnson's parole on April 12, 2018. Under the APA, he had 30 days from service of the decision to file an APA action for judicial review in either Pulaski County or in the circuit court in the county where he resided. Ark. Code Ann. § 25-15-212(b)(1). Mr. Johnson did not file a petition with the circuit court and the deadline for filing has now passed. No state court has been afforded an opportunity to consider the matter. As a result, his claim is procedurally defaulted.

## IV. <u>**Certificate of Appealability**</u>:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Johnson has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Johnson has not provided a basis for issuing a certificate of appealability.

## V. <u>**Conclusion**</u>:

The Court recommends that Wilbert Johnson's petition for writ of habeas corpus be dismissed, without prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 2nd day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE